UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

VICKIE L. STAPLETON,                )
                                    )
            Plaintiff,              )
                                    )
v.                                  )     Case No. 10-CV-0806-CVE-FHM
                                    )
SAINT FRANCIS HOSPITAL, INC.,       )
                                    )
            Defendant.              )

## OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment and Brief in Support (Dkt. # 20). Plaintiff filed a response in opposition (Dkt. # 27), and defendant filed a reply (Dkt. # 28).

## I.

Plaintiff Vickie Stapleton was employed by defendant Saint Francis Hospital, Inc. from February 1978 until January 2009, initially as a personnel clerk and ultimately as an office coordinator, in Tulsa, Oklahoma. Dkt. ## 2-2 at 2, 27 at 1. Plaintiff is a paraplegic and has been confined to a wheelchair throughout her entire employment with defendant. Dkt. ## 2-2 at 2, 27 at 1. In 2007, the department in which plaintiff worked relocated its offices to the basement. Dkt. # 27 at 2. In her petition, plaintiff states that in order to access the new office space, she was required to negotiate a series of hallways, including a 60 foot ramp and heavy doors. Dkt. # 2-2 at 3. Plaintiff alleges that the physical exertion required by the repeated use of the ramp and opening of the heavy doors caused damage to her shoulders and arms. Id. Plaintiff allegedly sought various accommodations from her supervisor, including the relocation of her office, permission to work from home, and approval to purchase an electric wheelchair. Id. at 3-4. Plaintiff states that not only were her requests refused, but also she "began to feel more and more that she was being retaliated

against or punished for making these complaints and/or requests for help." Id. at 4. On January 3, 2009, having decided that she could no longer "endure the pain associated with wheeling herself up the ramp daily," plaintiff resigned from her position. Id. at 5.

On July 17, 2009, plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Dkt. # 27 at 6. In her proceedings before the EEOC, plaintiff was represented by attorney Jean Walpole Coulter. Id. Ms. Coulter is also plaintiff's attorney of record in this action. On August 23, 2010, the EEOC issued a "Dismissal and Notice of Rights" (right to sue letter) to plaintiff. Id. at 7. The letter was mailed to plaintiff, to plaintiff's counsel, and to defendant. Id. The right to sue letter stated that, if plaintiff chose to file a lawsuit, she must do so within 90 days of receipt of the letter. Id.

On November 29, 2010, plaintiff brought suit in state court alleging discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101 et. seq. Defendant removed the action to this Court on December 20, 2010 and subsequently filed an answer denying the substantive allegations of the petition. Dkt. ## 2, 7.

**II.**

Summary judgment pursuant to Fed.R.Civ.P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317.

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Id . at 327 (internal quotation omitted).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir.1998).

### III.

Defendant seeks summary judgment on all of plaintiff's claims for relief on the grounds that (1) plaintiff failed to initiate this action within 90 days of receiving the right to sue letter; and (2) plaintiff has failed to establish a claim of discrimination or retaliation under the ADA. Because the Court finds the first issue to be dispositive, defendant's second argument will not be addressed.

3

After receiving a right to sue letter from the EEOC, a plaintiff has 90 days from the date she received the letter to file a lawsuit against her employer. 42 U.S.C. § 2000e-5(f)(1);[1] Jackson v. Continental Cargo-Denver, 183 F.3d 1186, 1189 (10th Cir.1999). If the complaint was filed more than 90 days after the plaintiff received notice of her right to sue, it will be considered untimely. Noe v. Ward, 754 F.2d 890 (10th Cir. 1985). Although the 90 day period is subject to equitable tolling, this doctrine is applied strictly and the plaintiff must show "active deception of the claimant regarding procedural requirements" for equitable tolling to apply. Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256, 260 (10th Cir.1994). For purposes of determining when the plaintiff received notice of the EEOC's right to sue letter, notice to an attorney is imputed to the client. See Mosley v. Pena, 100 F.3d 1515, 1518 (10th Cir. 1996).

Defendant argues that the undisputed facts demonstrate that plaintiff's attorney received the right to sue letter on August 24, 2010.[2] Dkt. # 20 at 12. If this were true, the 90 day deadline by which plaintiff must have filed her action expired on November 22, 2010. Thus, plaintiff's November 29, 2010 petition would have been untimely. In support of its position, defendant relies on a copy of the right to sue letter that was produced by plaintiff's counsel during discovery. The top right hand corner of the document contains the handwritten notation "Rec'd 8/24/10." Dkt. #

---

[1]  The ADA incorporates by reference Title VII's "powers, remedies, and procedures." 42 U.S.C. § 12117. The relevant parts of Title VII are codified at 42 U.S.C. § 2000e-5(f)(1).

[2]  In addition, defendant argues that plaintiff admitted in her deposition that she also received the right to sue letter on August 24, 2010. Dkt. # 20 at 12. The Court has reviewed the excerpt of the transcript of plaintiff's deposition provided by defendant (Dkt. # 20-1 at 11) and finds plaintiff's testimony to be ambiguous. However, because there is no genuine issue of material fact as to when plaintiff's attorney received the right to sue letter, as discussed infra, this ambiguity does not preclude summary judgment.

4

20-27. Defendant argues that this shows that plaintiff's attorney received the document on August 24, 2010, and that is the date on which the 90 day time limit began to run.

Plaintiff argues that the date counsel received the right to sue letter is a disputed issue of fact. Plaintiff's attorney has submitted a sworn affidavit stating that she did not "personally make the notation" and does not "know the date this letter was received at my office address." Dkt. # 27-2 at 1. However, plaintiff does not dispute that her attorney produced the copy of the letter containing the notation. Dkt. # 27 at 7.

Counsel's affidavit is not sufficient to raise a genuine issue of material fact. It is undisputed that plaintiff's counsel produced the letter with the notation "Rec'd 8/24/10." The only reasonable inference to be drawn from this is that someone in counsel's office made that notation upon receipt of the letter.[3] Plaintiff has not provided any evidence to the contrary. Plaintiff's counsel states merely that she herself did not make the notation and that she personally does not know when the document was received in her office. Counsel's affidavit does not dispute that someone in her office made the notation, nor does she dispute that the letter was received in her office on August 24, 2010. As such, plaintiff has not provided any alternative plausible explanation for the existence of the notation and has not provided any evidence to support a finding that counsel's office received the letter on a later date. Furthermore, the fact that plaintiff's counsel herself may not have seen the

---

[3]   This is not a situation like the one in <u>Lozano v. Ashcroft</u>, 258 F.3d 1160, 1165 (10th Cir. 2001), where the notation on the document was self-serving to the party that made it. If the notation on the document produced by plaintiff's counsel were self-serving to plaintiff, there could be more than one reasonable inference drawn: either that the document was received on that date, or that someone made the notation after the fact in order to make it appear the document was received on that date. Because the notation in this case does not assist the party who wrote it, the only logical inference is that the notation was made to indicate the date the letter was actually received.

5

letter on August 24, 2010 is irrelevant. The receipt of the letter in counsel's office is enough to begin the running of the 90 day time limit even if counsel does not see the letter until later. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93 (1990) (holding that receipt of EEOC letter by attorney's office triggered time limit even though attorney did not see the letter for over two weeks); see also McCoin v. Sec'y of Veterans Affairs, No. 96-CV-4104-SAC, 1996 WL 772602, at *4 (D. Kan. Dec. 20, 1996) (holding that time period to file suit "commences when the notice is delivered to the offices of the claimant's formally designated counsel or to the claimant, even though counsel may not actually receive the notice until later").

Plaintiff has not presented any evidence to dispute that the right to sue letter was received by her counsel on August 24, 2010. Plaintiff's petition was field on November 29, 2010, or 97 days after receipt of the letter. As such, the petition is untimely and summary judgment is appropriate. See Mosley, 100 F.3d at 1518 (affirming district court's granting of summary judgment where plaintiff failed "to point to any record evidence to support her bare allegation" that the EEOC letter was delivered on a later date); Merrill v. Cintas Corp., No. 95-CV-2423-GLR, 1996 WL 650951, at *4-5 (D. Kan. Nov. 5, 1996) (granting summary judgment where "the court can find no reasonable basis to determine that plaintiff received the notice on June 26").

Plaintiff urges the Court to apply the "presumption of receipt," which dictates that a letter should be presumed to have been received either three or five days after mailing. Dkt. # 27 at 9. However, this presumption is applicable only where the date of receipt is unknown or disputed. See Lozano v. Ashcroft, 258 F.3d 1160, 1165 (10th Cir. 2001). As noted above, there is no evidence to dispute when the letter was received and the presumption is therefore not applicable. Furthermore,

even if the Court were to apply the presumption, the existence of the notation on plaintiff's attorney's copy of the letter is sufficient to rebut the presumption.[4]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment and Brief in Support (Dkt. # 20) is **granted**. A separate judgment is entered herewith.

**DATED** this 30th day of September, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] Plaintiff also argues that, pursuant to Lozano, the Court cannot take judicial notice of the date on the letter. Dkt. 27 at 8. The Court has not taken judicial notice of the notation, but has merely examined the record as a whole and determined that there is no evidence to dispute the inference raised by the notation.