UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICKIE L. STAPLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-0806-CVE-FHM |
| | ) | |
| SAINT FRANCIS HOSPITAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment and Brief in Support (Dkt. # 37). Defendant filed a response in opposition (Dkt. # 38) and plaintiff filed a reply (Dkt. # 39). As plaintiff notes in her motion, "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). However, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). Id. When the motion is filed within the 28 day deadline set forth in Rule 59(e), it will be considered a motion

to alter or amend the judgment pursuant to Rule 59(e).[1] Here, plaintiff's motion was filed within 28 days of the judgment entered against her. Therefore, the motion will be analyzed under the requirements of Rule 59(e). This is consistent with plaintiff's characterization of her motion. See Dkt. # 37 at 1.

**I.**

Plaintiff brought this action against her former employer in state court on November 29, 2010, alleging discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 1201 et seq. Defendant removed the action to this Court on December 20, 2010. After the close of discovery, defendant moved for summary judgment on the ground that plaintiff had failed to file this action within 90 days of receiving the right to sue letter from the Equal Employment Opportunity Commission (EEOC), as required by 42 U.S.C. § 2000e-5(f)(1). This Court granted summary judgment in favor of defendant after finding that there was no genuine issue of material fact as to when plaintiff's attorney received the right to sue letter. Dkt. # 32.

In support of its summary judgment motion, defendant relied on a copy of the right to sue letter that was produced by plaintiff's counsel during discovery. The top right hand corner of the

---

[1] Plaintiff erroneously states that Rule 59(e) will govern when a motion is made within 10 days of entry of a judgment. Plaintiff appears to be relying on the prior version of Rule 59, which stated that a motion to alter or amend a judgment must be filed within 10 days of the judgment. However, as of December 1, 2009, Rule 59(e) was amended to allow a party 28 days to file a motion to alter or amend. See Advisory Committee notes to Fed. R. Civ. P. 59 (2009 amendments). Furthermore, if the 10 day deadline had been in effect, plaintiff's motion would not have been a timely Rule 59(e) motion because it was filed 14 days after entry of the judgment. Again, it appears plaintiff is relying on an outdated version of Fed. R. Civ. P. 6(a). As of December 1, 2009, Rule 6(a) no longer excludes Saturdays and Sundays from the computation of time periods less than 11 days. See, Advisory Committee notes to Fed. R. Civ. P. 6 (2009 amendments).

document contained the handwritten notation "Rec'd 8/24/10." Defendant argued that, if the EEOC letter was received by plaintiff's counsel on August 24, 2010, then this action was not filed within 90 days. In an attempt to show that the date counsel received the letter was a disputed issue of fact, plaintiff's attorney submitted a sworn affidavit stating that she did not "personally make the notation" and did not "know the date this letter was received at my office address." Dkt. #27-2 at 1. This court found that counsel's affidavit was not sufficient to raise a genuine issue of material fact, and stated that:

> It is undisputed that plaintiff's counsel produced the letter with the notation "Rec'd 8/24/10." The only reasonable inference to be drawn from this is that someone in counsel's office made that notation upon receipt of the letter. Plaintiff has not provided any evidence to the contrary. Plaintiff's counsel states merely that she herself did not make the notation and that she personally does not know when the document was received in her office. Counsel's affidavit does not dispute that someone in her office made the notation, nor does she dispute that the letter was received in her office on August 24, 2010. As such, plaintiff has not provided any alternative plausible explanation for the existence of the notation and has not provided any evidence to support a finding that counsel's office received the letter on a later date.

Dkt. # 32 at 5.

In her motion to reconsider, plaintiff submits additional evidence in an attempt to show that the "date of receipt of the Right-to-Sue letter is unknown and/or in dispute." Dkt. #37 at 4. Specifically, plaintiff submits: (1) an affidavit from Linda J. Daniels, a former employee of plaintiff's counsel, stating that the handwritten notation is her handwriting, but that she "does not recall" when she actually received the letter; (2) a copy of a page from plaintiff's counsel's calendar with the handwritten notation "Stapleton Lawsuit deadline" under the entry for November 29, 2010;

and (3) a letter dated August 30, 2010 from plaintiff's attorney to plaintiff informing plaintiff that the "ninety day deadline for filing [a lawsuit] is November 29, 2010." Dkt. # 37.

## II.

Under Rule 59(e), a party may ask a district court to reconsider a summary judgment ruling when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., No. 08-CV-384-JFP-FHM, 2009 WL 761322, at *1 (N.D. Okla. March 19, 2009).

## III.

Plaintiff does not explicitly state the grounds on which her motion is premised. However, plaintiff does not allege any intervening change in the controlling law. Instead, the grounds for plaintiff's motion appear to be the availability of new evidence and a need to correct clear error.

4

**A.**

Where a party presents additional evidence on a motion to alter or amend a judgment, "the movant must show either that the evidence is newly discovered or if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." Perkins v. United States, No. 09-CV-624-D, 2010 WL 1328722, at *1 (W.D. Okla. March 29, 2010) (citing Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992)). The evidence presented by plaintiff is not newly discovered. At the time she opposed summary judgment, plaintiff's counsel certainly knew of the existence of the letter she sent to plaintiff, as well as the existence of her own calendar entry. Plaintiff's counsel also would have known that she formerly employed Daniels and that it could be Daniels' handwriting on the EEOC letter.

Plaintiff's counsel has not shown that she made a "diligent yet unsuccessful" attempt to discover this newly presented evidence before opposing summary judgment. In fact, plaintiff's counsel has not described any action that she took in order to obtain Daniels' testimony or given any explanation for why the calendar entry and letter to plaintiff were not included in her summary judgment opposition. Plaintiff's motion merely states that plaintiff's counsel was "finally" able to "track down" Daniels, and counsel was "finally" able to interview her. Dkt. # 37 at 3. Similarly, Daniels' affidavit states that she has "been unavailable lately and it has been difficult for me to get with [counsel] to discuss this matter previously." Dkt. # 37-1 at 2. However, neither the motion nor the affidavit explain precisely how Daniels was unavailable or describe any steps that were taken to contact her. As such, plaintiff has failed to show that the evidence presented was unavailable to her in opposing summary judgment or that a diligent yet unsuccessful effort was made to discover

5

it. Furthermore, as noted by defendant, if plaintiff needed additional time to "track down" Daniels in order to oppose the summary judgment motion, plaintiff could have filed a Rule 56 affidavit requesting additional time to obtain an affidavit or conduct discovery. Plaintiff did not file such an affidavit.

**B.**

As noted above, plaintiff's motion does not explicitly state that it is premised on a need to correct a clear error. However, plaintiff suggests that the court erred by making "presumptions" and engaging in "speculation, conjecture and a surmise." Dkt. ## 37 at 5, 39 at 3.

"A showing of clear error or manifest injustice does not directly authorize augmentation of the record. The motion to reconsider should be based on arguments that were previously raised but overlooked by the court." Syntroleum Corp., 2009 WL 761322, at *1. Furthermore, "[c]lear error normally requires the definite and firm conviction that a mistake has been committed based on the entire evidence, or that a particular factual determination lacks any basis in the record. Manifest injustice, however, may reach the serious misconduct of counsel (i.e., improper actions that have affected the outcome of the case)." Id. (citations omitted).

Plaintiff argues that this Court erred in finding that "the only reasonable inference to be drawn from [the handwritten notation] is that someone in counsel's office made that notation upon receipt of the letter."[2] See Dkt. # 39 at 3 (citing Dkt. # 32 at 5). However, a court may grant summary judgment where only one reasonable inference can be drawn from the evidence presented. See MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co., 558 F.3d 1184, 1189 (10th Cir. 2009)

---

[2] It is illogical that this statement could amount to "clear error" when the statement is, in fact, correct. See Dkt. # 37-1 at 8.

(affirming summary judgment where district court found that only one reasonable inference could be drawn from evidence); Jackson v. Farmers New World Life Ins. Co., No. CIV-08-384-SPS, 2010 WL 1253523, at *4 (E.D. Okla. March 24, 2010) ("if the only reasonable inference that can be drawn from the surrounding facts is that the insured intended to deceive the insurer, summary judgment is appropriate").  As noted in the summary judgment opinion and order, plaintiff did not provide any evidence from which the Court could draw the inference that the right to sue letter was received on a day other than August 24.  "The nonmoving party still has an obligation to put forth evidence on which the trier of fact could reasonably find for the plaintiff." Brown v. Eppler, No. 09-CV-0466-CVE-TLW, 2011 WL 2293939, at *8 (N.D. Okla. June 8, 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).  As such, there was no clear error in this Court's prior opinion and order, and plaintiff has not provided any legal support for its position that the Court engaged in improper speculation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment and Brief in Support (Dkt. # 37) is **denied**.

**DATED** this 21st day of November, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT