UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKIE L. STAPLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-0806-CVE-FHM |
| ) | |
| SAINT FRANCIS HOSPITAL, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Notice of Appeal and Motion for Extension of Time to File Appeal Out of Time (Dkt. # 44).

The unfortunate theme of this case has been plaintiff's counsel's continued inability to correctly calculate or calender deadlines. See generally Dkt. ## 32 at 4-7, 41 at 2, n.1, 44. Plaintiff sued her former employer in state court on November 29, 2010, alleging discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. Defendant removed to this Court on December 20, 2010. After the close of discovery, defendant moved for summary judgment on the ground that plaintiff had failed to file this action within 90 days of receiving the right to sue letter from the Equal Employment Opportunity Commission (EEOC), as required by 42 U.S.C. § 2000e-5(f)(1). On September 30, 2011, this Court granted summary judgment in favor of defendant after finding that there was no genuine issue of material fact as to when plaintiff's attorney received the right to sue letter. Dkt. # 32. Plaintiff then filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), which was denied by the Court in an Opinion and Order (Dkt. # 41) entered on November 21, 2011.

Pursuant to Fed. R. App. P. 4(a)(1)(A),[1] a plaintiff has thirty days from the day the judgment or order appealed from is entered in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). Where a party has filed a motion to alter or amend a judgment under Rule 59, the time to file the notice of appeal runs from the entry of the order disposing of the motion to alter or amend. Fed. R. App. P. 4(a)(4)(A)(iv). Thus, plaintiff had until thirty days from November 21, 2011, i.e. until December 21, 2011, to file her notice of appeal.[2] Plaintiff did not file the pending motion for an extension of time to file the notice of appeal until December 29, 2011. Plaintiff now requests that the Court grant her an extension of time in which to file the notice of appeal.

The district court may extend the time for a party to file a notice of appeal if that party can demonstrate "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). The rule makes clear that the Court has discretion to grant plaintiff's motion if plaintiff demonstrates either excusable neglect or good cause. According to the Tenth Circuit, "the time for taking an appeal should not be extended in the 'absence of circumstances that are unique and extraordinary.'" Bishop v. Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004) (quoting Gooch v. Skelly Oil Co., 493 F. 2d 366, 370 (10th Cir. 1974)).

The factors relevant to "excusable neglect" include: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceeding; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4)

---

[1] Although the Federal Rules of Appellate Procedure were modified effective December 1, 2011, there were no substantive changes to the relevant sections.

[2] In her motion, plaintiff's counsel erroneously states that the notice of appeal was due on December 22, 2011. Dkt. # 44 at 1. This is yet another example of counsel's failure to correctly count days.

whether the movant acted in good faith.[3] See Bishop, 371 F.3d at 1206; City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994).

Here, there is no evidence that plaintiff acted in bad faith by failing to file the notice of appeal within thirty days of the order denying the motion to alter or amend. Further, because plaintiff filed the motion for extension of time eight days after the deadline, the length of the delay is not exceptional. The relatively short length of time suggests that the potential impact on the judicial proceedings would be no greater than any other case where the Court exercises its discretion to grant an extension of time pursuant to Fed. R. App. P. 4(a)(5)(A). Thus, the second and fourth factors weigh in plaintiff's favor.

With respect to the first factor, the Court finds that granting the motion to extend time would certainly prejudice defendant. If the Court grants the motion, defendant will face additional attorney fees for the appeal. At the same time, the Court recognizes that, in every instance where a court grants a motion to extend time to appeal, the opposing party will be prejudiced with increased litigation costs. Fed. R. App. P. 4(a)(5)(A) expressly permits district courts to grant motions to extend time in certain circumstances, despite this inherent prejudice to the nonmoving party. Therefore, the Court does not place substantial weight on the first factor.

The Court concludes that plaintiff's motion should be denied based primarily on the third factor: reason for delay, including whether the delay was within the reasonable control of the

---

[3] Plaintiff's motion focuses on the "excusable neglect" test and does not make specific arguments that "good cause" existed for her failure to timely file a notice of appeal. Regardless, the circumstances here do not support a finding of "good cause." "Good cause comes into play in situations in which there is no fault - excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Bishop, 371 F.3d at 1207 (internal quotations omitted). As discussed infra, the reason for plaintiff's untimeliness was entirely within her control.

movant. The Tenth Circuit has noted that the third factor "remains a very important factor - perhaps the most important single factor - in determining whether neglect is excusable." City of Chanute, 31 F.3d at 1046. Plaintiff states that her failure to file a timely notice of appeal was due to her mistaken belief that "the 30 day deadline for filing the Notice of Appeal, as set forth in FRAP 4 [sic], was tolled by the 3 day mailing rule, originally set forth in FRCP Rule 6 [sic]." Dkt. # 44. Plaintiff's counsel states that she believed thirty days after the entry of the opinion and order on the motion to alter or amend was December 22, 2011. With the addition of the three day mailing rule, she mistakenly believed she had until December 25, 2011. Because December 25 and December 26 were holidays, plaintiff's counsel believed she had until December 27, 2011 to file the notice of appeal.

The problems with this excuse are plentiful. As an initial matter, Fed. R. App. P. 26, not Fed. R. Civ. P. 6, governs time calculations under Fed. R. App. P. 4. See Fed. R. App. P. 26(a) (Rule 26 applies "in computing any time period specified in these rules . . . ."). The three day rule in Fed. R. App. P. 26(c) does not apply to Fed. R. App. P. 4(a)(1)(A), which is triggered by "entry" of the order appealed from, not by "service." Further, even if Fed. R. Civ. P. 6 did apply, the only "three day mailing rule" remaining in Fed. R. Civ. P. 6 is the one that states that three days are added to a time period if "service is made under Rule 5(b)(2)(C), (D), (E), or (F) . . . ." Fed. R. Civ. P. 6(d)(emphasis added). However, Rule 5 governs service of only certain kinds of papers. See Fed. R. Civ. P. 5(a)(1). Neither opinions and orders nor judgments are governed by Rule 5. There is absolutely no explanation in plaintiff's motion as to why she had the mistaken belief that a three day mailing rule would apply to the Court's opinion and order denying her motion to alter or amend, or to her deadline to file a notice of appeal. In addition, thirty days after the entry of this Court's order

actually fell on December 21, 2011, not on December 22, 2011, as plaintiff believes.  Finally, even though counsel states that she discovered her mistake on December 27, the day she originally believed that the notice of appeal was due, she waited an additional two days to file her motion for an extension of time.

The law is clear that "counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word 'excusable' is to be read out of the rule." United States v. Torres, 372 F.3d 1159, 1163-64 (10th Cir. 2004) (internal citations omitted).  Excusable neglect will not arise where "the untimely filing was simply based on counsel's miscalculation of the deadline or a failure to read the rule."  Biodiversity Conservation Alliance v. Bureau of Land Management, 438 Fed. Appx. 669, 673 (10th Cir. 2011) (unpublished);[4] see also Billings v. Billings, No. 09-CV-828-TC, 2009 WL 5195773, at *2 (D. Utah Dec. 21, 2009) ("the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.") (internal quotations omitted).  Thus, plaintiff's counsel's inability to correctly calculate the deadline for timely filing a notice of appeal does not constitute excusable neglect.

The mistakes of counsel are particularly egregious in this case, where summary judgment was entered on plaintiff's substantive claims due to counsel's failure to accurately count days and calender deadlines.  See Dkt. # 32 at 4-7.  Further, this Court specifically cautioned plaintiff's counsel in the opinion and order denying the motion to alter or amend that counsel had relied on an outdated version of the Federal Rules of Civil Procedure and had inaccurately counted days,

---

[4]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

including under Fed. R. Civ. P. 6.  See Dkt. # 41 at 2, n.1.  Rather than taking heed and becoming vigilant after these mistakes, plaintiff's counsel proceeded to repeat her mistakes.

Although some of the excusable neglect factors weigh in plaintiff's favor, plaintiff has not identified any valid reason for the delay.  Nor has plaintiff cited any legal authority supporting the proposition that her inability or refusal to comprehend the plain language of the federal rules and accurately calculate deadlines rises to the level of excusable neglect.[5]  It was well within plaintiff's counsel's control to file a timely notice of appeal.  Having considered the relevant factors, the Court cannot reasonably justify granting plaintiff's motion absent more compelling circumstances.

**IT IS THEREFORE ORDERED** that plaintiff's Notice of Appeal and Motion for Extension of Time to File Appeal Out of Time (Dkt. # 44) is **denied**.

**DATED** this 24th day of January, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5]  As noted by defendant in its response, plaintiff's citation to the decision of the Supreme Court in Mitchell v. United States, 551 U.S. 1129 (2007), for the proposition that "attorney workload can be excusable neglect justifying the late filing of an appeal notice" is an inaccurate assessment of that case.  See Dkt. # 46 at 6-9.